IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | |
| **MILTON TILLMAN** | * | **Criminal No.: CCB-10-00067** |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S CONSOLIDATED MOTION TO SUPPRESS

The Defendant, Milton Tillman, Jr., through undersigned counsel, pursuant to Federal Rule of Criminal Procedure 12(b)(3), hereby files this Consolidated Motion to Suppress, and states as follows:

1. The Defendant moves to suppress the fruits of any and all searches conducted by the police or other government agents with respect to himself and the events surrounding the above-referenced matter as the products of illegal searches and/or seizures, including, but not limited to, any and all searches of the Defendant's person; any vehicle owned by the Defendant; and any residences or premises owned by the Defendant or any search of a premise to which he has legal standing to object.

2. The affidavit in support of the search warrant was overbroad and failed to articulate substantial probable cause to support the magistrate's decision to issue the search warrant. *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984). In determining whether a search warrant is supported by probable cause, the crucial element is not **whether the target of the search is suspected of a crime**, but whether it is reasonable to believe that the items to be seized will be found **in the place to be searched**. *United States v. Lalor*, 996 F.2d 1578, 1582 (4th Cir. 1993); *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 & n.6, 98 S.Ct. 1970, 1976-77 & n.6; 56

L.Ed.2d 525 (1978).

Specifically, the affiants sought and obtained a warrant to search the Defendant's residence at 2410 Pinewood Avenue, Baltimore, Maryland 21228 (hereinafter "Pinewood Avenue"). The affiant's failure to articulate **any nexus** between certain alleged illegal activity and Pinewood Avenue should render any reliance on this warrant invalid. The affidavit and warrant was devoid of any information connecting the Defendant to **any illegal activity** at this particular address. The magistrate in this case simply **did not have near enough information before him to conclude that there was a fair probability** that the things the affiants wanted to search for would be at Pinewood Avenue. In fact, the affidavit set forth that Defendant does not appear to reside at Pinewood Avenue and instead "seems to spend his personal time at **different residences** around the Baltimore area." *See* Affidavit at ¶43 (emphasis added). Where the warrant was so facially deficient, the executing officers could not reasonably presume it to be valid and not even the good faith doctrine could save this search.

Furthermore, the unsubstantiated and conclusory statement by the affiant that "[b]ased on [his] training and experience, [the] Affiant knows that taxpayers also keep items in their residences that indicate whether they are spending more money than they are reporting as income on their income tax returns" is insufficient to establish a proper nexus between the alleged crime and the place to be searched. The affiant appears to assume that possession of luxurious items is sufficient evidence of tax fraud. The magistrate, however, can only speculate as to how these items were purchased. Living beyond ones means, as the affiant seems to suggest, cannot be the basis to establish a nexus between illegal activity and the place to be searched.

3. Moreover, the information allegedly provided to the officers by the confidential sources did not provide a valid basis for the issuance of a warrant for the search of the residences

or the vehicle. *See Illinois v. Gates*, 462 U.S. 213 (1983) (holding that an **informant's reliability and basis of knowledge** are two factors relevant to probable cause determination. The Supreme Court in *Gates* adopted a "totality of circumstances" test to determine whether the probable cause based on a source's information supported a search warrant. In this case, the affidavit contains virtually no information regarding the reliability or veracity of Confidential Sources One and Two (hereinafter "CS-1" and "CS-2"). The affidavit is devoid of any information that these sources have provided information that has led to arrests or convictions or even that the information provided was in any way reliable. The affidavit completely neglects to set forth how these two sources came to learn this alleged information or any other detailed information about the alleged illegal activity of the Defendant. For instance, the affidavit does not establish: (1) the circumstances giving rise to the sources' knowledge; (2) the circumstances giving rise to the CS-1's knowledge of the Defendant paying bondsmen "under the table" the arrival and delivery of a package of CDS, *see* Affidavit at ¶27; (3) the circumstances giving rise to CS-2's knowledge of the Defendant paying bounty hunters a weekly salary plus bonuses for capturing bail jumpers, *see id.* at ¶29; and (4) the circumstances giving rise to CS-2's knowledge of the Defendant trying to keep his name off of business documents and using the name of Tillman III on the paperwork for a lot of his business dealings, *id.* at ¶30.

Though Confidential Source 3 (hereinafter "CS-3") is the only source that the affiant states "has been providing reliable information to law enforcement authorities," *see id.* at ¶32, the information regarding this informant is also substantially lacking. The affidavit fails to set forth what business dealings CS-3 engaged in with the Defendant and the length of time CS-3 has been providing information pursuant to his/her plea agreement. The unverified and unreliable information provided by the confidential sources cannot be the basis for a finding of substantial

probable cause in support of the issuance of this warrant.

4. In addition, the Defendant moves to suppress any and all electronic surveillance evidence obtained from the interception of oral communications in this case. Specifically, the Defendant asserts that, as to all counts of the Indictment, all such searches and interceptions were conducted either without a valid warrant, without probable cause for the issuance of a valid warrant, or without reasonable articulable suspicion that the Defendant had committed a crime, and in violation of the Fourth and Fourteenth Amendments to the United States Constitution or other applicable law. Accordingly, any evidence derived from such searches must be suppressed.

5. The Defendant also moves to suppress any and all statements that he allegedly made to any law enforcement agents in connection with the above-referenced matter on August 19, 2008 during the search of his person and his vehicle (2001 Buick, Maryland license plate 9DGM64) and on August 20, 2008 and September 5, 2008 at 1101 North Point Boulevard, Suite 121, Baltimore, Maryland as such statements were obtained from him in violation of the applicable law. The Defendant challenges the law enforcement agents' failure to scrupulously honor the Defendant's rights under *Miranda v. Arizona*, 384 U.S. 436, 444 (1966) (holding that that a person questioned by law enforcement officers after being "taken into custody or otherwise deprived of his freedom of action in any significant way" must first "be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed."). At the time of these statements, Defendant's person was considered seized and yet he was never advised of his *Miranda* rights thereby violating his rights and rendering all statements the fruit of an unconstitutional custodial interrogation.

WHEREFORE, the Defendant, Milton Tillman, Jr., respectfully requests that his Consolidated Motion to Suppress be granted.

                                        Respectfully submitted,

                                        /s/
                                  _____

                                  Kenneth W. Ravenell
                                  The Murphy Firm
                                  One South Street, 23rd Floor
                                  Baltimore, Maryland 21202
                                  410-539-6500
                                  ***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of August, 2010, a copy of the foregoing Consolidated Motion to Suppress was served on all parties and their counsel via ECF.

/s/
_____
Kenneth W. Ravenell