## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | |
| **MILTON TILLMAN** | * | **Criminal No.:  CCB-10-00067** |
| **Defendant** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANT'S MOTION TO SEVER TRIAL OF
## COUNTS 2-6 AND 14-28 OF THE INDICTMENT

Defendant, Milton Tillman, Jr., by and through undersigned counsel, pursuant to

Rules 8(a) and 14(a) of the Federal Rules of Criminal Procedure, hereby moves for

severance of counts 2-6 and 14-28 from the remaining counts of the Indictment.

Respectfully submitted,

/s/
_____
Kenneth W. Ravenell
Milin Chun
The Murphy Firm
One South Street, 23rd Floor
Baltimore, Maryland 21202
Phone: 410-539-6500
*Attorney for Milton Tillman*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | |
| **MILTON TILLMAN** | * | **Criminal No.:  CCB-10-00067** |
| **Defendant** | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT MILTON TILLMAN JR'S MOTION FOR SEVERANCE

Defendant, Milton Tillman, Jr., submits this memorandum of law in support of his motion, pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure, to sever (1) the individual tax charges against him in Counts 2-6 of the Indictment and (2) the wire fraud charges in Counts 14-28 of the Indictment.[1]

### INTRODUCTION AND RELEVANT FACTS

On or about February 23, 2010, a federal grand jury in the District of Maryland returned an Indictment against Milton Tillman, Jr. (hereinafter "the Defendant") and Milton Tillman III (hereinafter "Tillman III").  The Defendant was charged in this case with filing a false statement on a tax return, in violation of 26 U.S.C. § 7206(1), wire fraud, in violation of 18 U.S.C. § 1343, unlawfully engaging in the business of insurance, in violation of 18 U.S.C. § 1033(e), and aiding and abetting, in violation of 18 U.S.C. § 2.  The Indictment jointly charges the Defendant and Tillman III with conspiracy to defraud the Treasury Department, in violation of 18 U.S.C.  § 371.

---

[1] Mr. Tillman submits this motion in light of an impending deadline to file.  Mr. Tillman asserts grounds for severance apparent from the current state of discovery and investigation; he files without prejudice to his right to raise additional arguments concerning severance as information becomes available that is not apparent at this juncture.

{485-001 / MC0746.DOC}

## A. Overview of Charges Relating to the Unlawful Engagement in the Business of Insurance

Broadly viewed, Counts 1, 12, and 13 of the Indictment allege a scheme whereby the Defendant and Tillman III purportedly conspired to have the Defendant participate in the business of insurance as a convicted felon. The Indictment alleges that the defendants "structured the ownership and business operations of 4 ACES in ways that would conceal from the IRS Milton Tillman's control of the company and the amount and disposition of the income he and Moe Tillman derived therefrom." ¶ 23 of Count 1.

In connection, Count 12 specifically alleges that the Defendant, having been twice convicted in federal court of a criminal felony involving dishonesty, did not obtain consent from the Maryland Insurance Administration before willfully engaging and participating in the business of insurance whose activities affected interstate commerce.

## B. Overview of Individual Tax Charges

Incorporating by reference only paragraphs 1-21 of Count 1, Counts 2-6 of the Indictment relate to tax fraud allegedly committed individually by the Defendant. The Indictment alleges that the Defendant filed false tax returns (a Form 1040 Individual Income Tax Return) for calendar years 2002-2006. In sum, Counts 2-6 allege that the Defendant willfully filed a Form 1040 Individual Income Tax Return for calendar years 2002-2006 which he allegedly "did not believe to be true and correct," in that the return allegedly reported total income that the Defendant knew and believed was substantially larger.

## C. Overview of Charges Relating to Wire Fraud

The Indictment then completely departs from the content of the first thirteen Counts by also setting forth an alleged scheme to defraud Ports America. Counts 14-28 of the Indictment

2

assert that the Defendant allegedly knowingly devised and intended to devise a scheme and artifice to defraud Ports America and to obtain money and property from Ports America by means of materially false and fraudulent pretenses, representations, and promises.

As set forth in more detail below, because the offenses alleged in Counts 2-6 and 14-28 of the Indictment are not of the "same or similar character" or "based on the same act or transaction connected together or constituting parts of a common scheme or plan" as the offenses in the remainder of the Indictment, and further because the joinder of these offenses would prejudice the Defendant at trial, Counts 2-6 as well as Counts 14-28 of the Indictment should be severed and tried separate and apart from the remaining counts of the Indictment.

## ARGUMENT

### A.  Standards for Joinder and Severance

Federal Rule of Criminal Procedure 8 sets forth when joinder is appropriate:

> Joinder of Offenses or Defendants
>
> (a)    Joinder of Offenses.  The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b)    Joinder of Defendants.  The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

*See* Fed. R. Crim. P. 8(a); *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976); *United States v. Cole*, 857 F.2d 971 (4th Cir. 1988); *United States v. Mackins*, 315 F.3d 399, 412-15 (4th

Cir. 2003) (holding that joinder of counterfeit check scheme with factually unrelated drug and money laundering charges was improper).

Even when counts are not misjoined under Rule 8, if the defendant shows substantial prejudice from joinder, severance may be required under Rule 14, which "gives the Court authority to order an election or separate trial of counts, grant a severance of defendants, or provide whatever relief justice requires to guard against prejudicial joinder of offenses or defendants." Rule 14 states, in pertinent part, as follows:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

*See* Fed. R. Crim. P. 14.

### A.     The Individual Tax Charges (Counts 2-6) Are Not Adequately Linked to the Non-Tax Offenses to Allow Joinder

The offenses alleged in Counts 2-6 are not of the same or similar character as the offenses alleged in the remaining counts of the Indictment, nor are they based on the same transaction or part of a common scheme or plan. The offenses alleged in Counts 2-6 concern the Defendant's alleged failure to report his income correctly on his tax returns during the applicable time period. Specifically, the government alleges that the Defendant underreported his income during the relevant time period.

In reading Counts 2-6 of the Indictment, it is clear that the government incorporates only paragraphs 1-21 of Count 1. These paragraphs set forth the names and relationship of the defendants, *see* paragraphs 1-3, the different companies alleged to be incorporated by either the Defendant and/or Tillman III, *see* paragraphs 4-9, the nature of the 4 ACES' bail bonding

4

business, *see* paragraphs 10-15, the real estate investments by either the Defendant and/or Tillman III, *see* paragraphs 16-17, the Defendant's employment as a longshoreman, *see* paragraph 18, and the income tax system of the United States, *see* paragraphs 19-21. What the government neglects to incorporate, however, are the overt acts that include, *inter alia*, the Defendant's alleged filing of tax returns on behalf of 4 ACES or his own individual tax returns.

The Government has alleged no facts to show that the Defendant's alleged individual tax violations are connected *in any way* to the other allegations in the Indictment. Simply because the alleged individual tax violations may have occurred at or near the same time that the other violations allegedly occurred is not justification for joinder of the tax counts with the other alleged offenses in the same indictment. The Defendant's individual tax returns simply are wholly unconnected to the insurance charges relating to the operation of the bail bond business and real estate activities as well as the wire fraud charges relating to his work at the port. There is no commonality to be found between underreporting his income and causing a false tax return to be filed, as alleged in Counts 2-6, and "structur[ing] the ownership and business operations of 4 ACES in ways that would conceal from the IRS Milton Tillman's control of the company." ¶ 23 of Count 1. Thus, since the offenses alleged in Counts 2-6 are not factually or logically related to the remaining counts in the Indictment, these counts were improperly joined and should be severed for a separate trial. *See United States v. Lynch*, 198 F.Supp. 2d 827 (N.D. Tex. 2001) (holding that defendant apartment complex owner charged with embezzling government funds was entitled to severance of tax fraud count); *United States v. Diaz-Munoz*, 632 F.2d 1330 (5th Cir. 1980) (tax counts for filing false tax returns were joined with embezzlement and insurance fraud counts. The district court accepted the government's representation that proof at trial would show a series of transactions, beginning with fraud and ending with income not being

reported to the IRS. The Fifth Circuit disagreed, finding that the tax counts were not based on similar acts properly connecting them to the other schemes alleged in the indictment); *United States v. Wilson*, 79 F. Supp. 2d 1029 (E.D. Ark. 1999) (tax evasion charges against two defendants were improperly joined with RICO predicate act charges alleged against them and other defendants; although acts forming basis of tax evasion charges occurred around the same time as other acts alleged in the indictment, they did not arise from same transactions and were not part of enterprise or scheme comprising RICO count); *United States v. Lavin*, 504 F.Supp. 1356 (N.D. Ill. 1981) (defendants who were charged with income tax evasion in addition to RICO violations and mail fraud, with which other defendants were charged, were entitled to have income tax evasion counts severed from other offenses at trial. The Court held that "although the income tax allegations may be, in some respects, related to the other alleged violations, a joint trial of all claims would require the jury to consider issues of the law of federal taxation related only to the specific defendant named in addition to the substantial task it now faces. The Court also noted that there was some risk that evidence of the conspiratorial misfeasance would spill over into the consideration of the tax charges. Thus, the Court granted the Defendant's motion to sever the tax counts from the other offenses at trial).

In *Lynch*, the defendant had title ownership to the Park Creek Manor Apartments from May 11, 1990 to July 1996, when Beal Bank foreclosed on the original loan it had purchased from the Department of Housing and Urban Development ("HUD") and took possession and title to Park Creek Manor. *Lynch, supra*. The defendant's alleged handling of affairs at Park Creek Manor, alleged embezzling of government funds, and alleged fraudulent concealment of these funds, formed the basis for most of the forty-eight count indictment against him. *Id.*

The defendant moved to sever the tax charge against him, arguing that this count was improperly joined in the indictment because the tax count had nothing to do with his legal or fiduciary obligations under the Deed of Trust for Park Creek Manor. *Id.* at 827-28. The Defendant alleged that the tax count dealt with the use of proceeds from a private lawsuit brought by Southwestern Real Estate Services, the defendant's corporation, against the City of Dallas for its alleged failure to provide urban rehabilitation funds, as contracted, to Park Creek Manor. *Id.* at 828.

The Government argued that after the defendant took advantage of his fraudulent conduct to use Park Creek Manor rent receipts to pay his attorneys' fees for a private lawsuit against the City of Dallas, he then failed to report over $200,000 of these settlement proceeds as personal income on his individual income tax return for 1995." *Id.* at 829-30. The district court sided with the defendant, holding that "[w]hile the Government is correct that [the tax] count is linked to the Defendant's alleged general disposition to fraudulently conceal property that should be divulged, [the tax count's] relationship to the fraudulent counts in the rest of the indictment is tenuous. Further, it may lead to jury confusion." *Id.* at 830.

In Counts 2-6, the Government has asserted that the Defendant filed a return with a reported total income in an amount that the Defendant knew and believed to be substantially less than the actual total income received. This is clearly not enough to justify the joinder of tax counts with the other factually and logically unrelated counts in the Indictment (which deal with (1) the Defendant's alleged control and having engaged in the business of insurance as a convicted felon and (2) the scheme to fraudulently obtain wages and fringe benefit contributions from Ports America). The Government has not alleged that the Defendant started reporting his income and filing his tax returns this way (*i.e.*, the way his income was reported and his federal

7

income tax returns were filed in 2002-2006) in conjunction with the beginning of his involvement with 4 ACES and/or Ports America. Accordingly, because there is no logical or factual connection between the Defendant's alleged tax fraud and the remaining counts in the Indictment, the tax counts should be severed and tried separately.

B.    **Counts 14-28 of the Indictment were Improperly Joined as They Are Neither Similar in Character or Based on the Same Transaction**.

The offenses alleged in Counts 14-28 are also not of the same or similar character as the remaining counts of the Indictment, nor are they even remotely based on the same transaction or part of a common scheme or plan. Counts 14-28 of the Indictment assert that the Defendant allegedly knowingly devised and intended to devise a scheme and artifice to defraud Ports America and to obtain money and property from Ports America by means of materially false and fraudulent pretenses, representations, and promises. Except for the time period when the alleged offenses occurred, the wire fraud counts against the Defendant bear no logical or factual connection to the remaining counts of the Indictment. Count 14 of the Superseding Indictment provides, in pertinent part, as follows:

> From in or about **January 2006 until in or about December 2007**, in the District of Maryland and elsewhere, the defendant, Milton Tillman, knowingly devised and intended to devise a scheme and artifice to defraud Ports America and to obtain money and property from Ports America by means of materially false and fraudulent pretenses, representations, and promises.

¶ 11 of Count 14. In paragraph 12 of Count 14 of the Indictment, the Government asserts that the "object of the scheme to defraud was to obtain wages and fringe benefit contributions from Ports America for hours the defendant did not work at his job as a longshoreman and member of ILA Local 333." The Indictment further asserts, in paragraphs 19 of Count 14, that the Defendant

8

> for the purpose of executing and attempting to execute the scheme
> to defraud, did knowingly cause to be transmitted in interstate
> commerce, by means of wire communication, certain writings,
> signs, signals, and sounds, namely, email transmissions of payroll
> information from computers at Port America's office in Baltimore,
> Maryland, through Iselin, New Jersey, to the payroll department of
> Ports America.

The Government also alleges that the Defendant "would cause union timekeepers to certify to Ports America and the STA that the defendant was present at the Port of Baltimore working as a longshoreman during a particular shift when, in truth and fact, the defendant was elsewhere." *See* Indictment at ¶ 13 of Counts 14-28.

Despite 19 separate paragraphs relating solely to Counts 14-28, the Government has alleged no facts to show that the Defendant's alleged misrepresentation that he worked as a longshoreman is connected *in any way* to the other allegations in the Indictment. There is simply no basis to conclude that these alleged misrepresentations are linked to the alleged schemes relating to the business of insurance or the Defendant's individual tax returns. Simply because the alleged misrepresentations may have occurred at or near the same time that the other violations allegedly occurred is not justification for joinder of these counts with the other alleged offenses in the same indictment. Thus, the offenses alleged in Counts 14-28 are not factually or logically related to the remaining counts.

As set forth above, the government recognizes the wholly unrelated nature of these counts in that unlike Counts 2-13, the Indictment does not incorporate by reference the paragraphs from Count 1 into Counts 14-28. Accordingly, because the allegations relating to the Defendant's representation as a longshoreman are not of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan, Counts 14-28 should be severed for trial.

## C.     Counts 2-6 and 14-28 Should Be Severed From the Remaining Counts in the Indictment For Trial to Avoid Substantial Prejudice

In determining whether to grant a motion for severance under Rule 14, the Court must weigh the potential prejudice to a defendant against the interests of judicial economy. *See United States v. Samuels*, 970 F.2d 1312, 1314 (4th Cir. 1992). When two or more offenses are joined because the offenses are of a same or similar character, three sources of prejudice are possible which may justify the granting of a severance under Rule 14: (1) the jury may confuse and cumulate the evidence and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated; (2) the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or (3) the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition. *See United States v. Foutz, supra; see also United States v. Mackins, supra.* A motion for severance of offenses under Rule 14 is committed to the sound discretion of the trial court; however, such discretion must be exercised in light of all relevant circumstances. *United States v. LaRouche*, 896 F.2d 815 (4th Cir. 1990); *Zafiro v. United States*, 506 U.S. 534, 541 (1993).

Pursuant to the factors set forth in *Foutz*, it is clear that the Defendant is prejudiced by the joinder of the individual tax counts as well as the wire fraud counts with the remaining counts of the Indictment and therefore severance of both the tax and wire fraud counts is warranted in this case.

First, where the government alleges that the Defendant and Tillman III conspired to defraud the Treasury Department, there is a high probability that upon hearing evidence of the

Defendant's alleged individual tax violations, the jury may confuse the evidence and convict the Defendant on evidence that was not properly before them.   It is clear that there was no conspiracy with respect to the Defendant's individual tax violations (Counts 2-6).  Any evidence of these individual violations will only serve to confuse and confound the jury and thereby prejudice the Defendant.

With respect to the wire fraud counts, the jury may indeed confuse and cumulate the evidence on two separate and distinct alleged crimes when it would not convict him of either if evidence was properly segregated. The alleged scheme involving the Defendant's occupation as a longshoreman has absolutely no relation whatsoever to the scheme the government alleges involves both the Defendant and Tillman III.

Moreover, if the individual tax counts and wire fraud counts are not severed for a separate trial, the Defendant may be confounded in presenting his defense, as the Defendant might be inclined to assert his privilege against self-incrimination as to the tax and/or wire fraud counts but not as to the other counts in the Indictment, or vice versa.  Finally, there is a substantial possibility that the jury may conclude that the Defendant, if he is found guilty of one offense, is likewise guilty of other offenses because of his criminal disposition.

Because there is no logical or factual connection between the Defendant's alleged individual tax violations and the remaining counts of the Indictment, and further because the substantial prejudice faced by the Defendant outweighs the interests of judicial economy in trying all of the counts together, Counts 2-6 of the Indictment should be severed and tried separate and apart from the remaining counts of the Indictment.

## CONCLUSION

For the reasons set forth above, the Defendant, Milton Tillman, Jr., respectfully requests that this Honorable Court grant his Motion to Sever and that Counts 2-6 and 14-28 of the Indictment be severed and tried separately from the remaining counts in the Indictment.

Respectfully submitted,

/s/

Kenneth W. Ravenell
Milin Chun
The Murphy Firm
One South Street, 23rd Floor
Baltimore, Maryland 21202
Phone: 410-539-6500
*Attorney for Milton Tillman, Jr.*

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of August, 2010, a copy of the foregoing Motion to Sever was served on all parties and their counsel via ECF.

/s/
_____
Kenneth W. Ravenell

{485-001 / MC0746.DOC}