IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| United States of America | * | |
| v. | * | |
| Milton Tillman, Jr., et al | * | Criminal Nos. CCB-10-0067 and 1:10-cr-00800-CCB |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT MILTON TILLMAN, III'S
## MOTION TO ENFORCE PLEA AGREEMENT

Defendant, Milton Tillman, III, by Steven A. Allen, his attorney submits this Motion to Enforce Plea Agreement and as grounds therefore says:

1. On December 22, 2010, Defendant Tillman, III, entered a plea to Failure to File a Corporate Tax Return for the year 2003.

2. Prior to entering his plea, Defendant Tillman, III and the Government entered into a Plea Agreement dated December 14, 2010, which was introduced into evidence at the time of the plea and is Document 17 in case 1:10-cr-00800-CCB.

3. Paragraph 8 of the Plea Agreement provides:

> [T]he parties agree and stipulate that the appropriate sentence is twelve (12 months of alternative confinement pursuant to U.S.S.G. §5B1.1(a)(2).

4. As the Government well knows, the agreement in paragraph 8 to which the parties stipulated that Mr. Tillman, III not be sentenced to a period of imprisonment was a material term of the plea agreement in this case.

5. Notwithstanding the Government's agreement and stipulation, on June 30, 2011, in a sur-reply memorandum in opposition to Defendant Tillman, III's Motion to continue his sentencing date, document 15 in Case Number 1:10-cr-00800-CCB, the Government breached the Plea Agreement in this case, taking a position regarding sentencing that is wholly contrary to its stipulation and agreement in Paragraph 8.

6. In paragraph 5 (b) of its sur-reply, the Government stated and recommended to the Court that it should deny the Request for a Continuance of Sentencing and:

> Impose a sentence on both or either defendant and order them to
> begin their respective terms of imprisonment . . . .

7. In its zeal to prevent the continuance of Mr. Tillman, III's sentencing, the Government wholly ignored paragraph 8, recommending to the Court that Mr. Tillman, III be sentenced to a term of "imprisonment," rather than "alternative confinement" as the Government stipulated and agreed to in the Plea Agreement.

8. The Government's shocking recommendation is a clear and unequivocal violation of Mr. Tillman, III's Plea Agreement.

9. That Mr. Tillman, III not be sentenced to a period of imprisonment, but instead be placed in alternative confinement was a cornerstone of the Plea Agreement. The Government did not reserve the right under the Plea Agreement to argue for any sentence other than alternative confinement.

10. The Government's stipulation and agreement was also, as the Government wells knows, a significant factor in Defendant Milton Tillman, Jr.'s decision to enter into his plea agreement with the Government. The stipulation and agreement regarding alternative confinement for Mr. Tillman, III was a central part of the negotiations between Government counsel and counsel for both Mr. Tillmans.

11.   The Government should not be permitted to disregard its stipulation, agreement and commitment to recommend and advocate for alternative confinement for Mr. Tillman, III, merely because it is displeased with his request for a short continuance of his sentencing date. See United States v. Lewis, 633 F.3d 262 (4th Cir. 2011) ("C" plea; collecting authorities), citing

12.   When the Government enters into an agreement with a defendant in which it both stipulates and agrees with the Defendant to what the sentence in the case should be, the Government should not be heard to either directly or subtly ask the Court to ignore its agreement and sentence the defendant differently than as provided in the plea agreement, as the Government has done here. Rather, as the Fourth Circuit has recognized, the Government has a duty to argue for the terms of the plea agreement at the sentencing hearing. *United States v. McQueen*, 108 F.3d 64, 66 (4th Cir. 1997). When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *United States v. Lewis*, 633 F.3d 262, 269 (4th Cir. 2010)(citing *Santobello v. New York*, 404 U.S. 257, 262 (1971). It is the Government's responsibility to fully and wholeheartedly comply with the terms of the plea agreement without hesitation, equivocation, a wink or a nod. To do otherwise would violate a defendant's constitutional rights and the fair administration of justice. *United States v. Lewis*, 633 F.3d at 269.

For the foregoing reasons, it is respectfully requested that the Court enter an Order directing the Government to fully comply with its stipulation and agreement in paragraph 8 of Milton Tillman, III's Plea Agreement and unequivocally advocate that Defendant Milton Tillman, III be sentenced to alternative confinement as provided therein.

Respectfully submitted,

/s/ Steven A. Allen
Steven A. Allen
Federal Bar No.: 00607
Hodes, Pessin & Katz, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland 21204
(410) 339-6769
(410) 832-5602 (fax)
sallen@hpklegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2011, a copy of the foregoing Defendant was electronically filed and sent via first class mail, postage prepaid to: Assistant United States Attorneys Martin Clarke, United States Attorney's Office for the District of Maryland, 36 South Charles Street, 4th floor, Baltimore, Maryland 21201-3020 and Kenneth Ravenell, Esquire, The Murphy Firm, 23rd floor, One South Street, Baltimore, Maryland, 21202, attorney for Milton Tillman, Jr.

/s/ Steven A. Allen
Steven A. Allen

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| United States of America | * | |
| v. | * | |
| Milton Tillman, Jr., et al | * | Criminal Nos. CCB-10-0067 and 1:10-cr-00800-CCB |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

It is this ___ day of July, 2011,

ORDERED that Defendant Milton Tillman, III's Motion to Enforce Plea Agreement is Granted,

AND IT IS FURTHER ORDERED that the Government shall fully comply with its stipulation and agreement in paragraph 8 of Defendant Milton Tillman, III's Plea Agreement and unequivocally request and advocate that Defendant Milton Tillman, III be sentenced to alternative confinement as provided therein.

_____
Catherine C. Blake
United States District Judge